In re Kimble, Charles Ray; applying for writ of certiorari and/or review, prohibition, mandamus, supervisory and/or remedial writs; Parish of Tangipahoa, 21st Judicial District Court, Div. “A”, No. 51645; to the Court of Appeal, First Circuit, No. KW87 1052.
Granted in part, denied in part. When a defendant makes specific allegations of misconduct by the police during a custodial interrogation in order to obtain a confession, “it is incumbent upon the state to rebut specifically each such instance.” State v. Petterway, 403 So.2d 1157, 1159 (La.1981), see also, State v. Haynie, 395 So.2d 669 (La.1981), State v. Franklin, 381 So.2d 826 (La.1980). Detective Dangerfield’s general disclaimer that he made no threats or promises is therefore insufficient to rebut defendant’s specific allegation that the detective promised to “cut loose” his mother, Nellie Kimble, on her charges in return for a statement. In addition, Dangerfield’s testimony placed a Sargeant Der-wood in the interrogation room with him at the time, and the state also failed to call that officer at the hearing on the motion to suppress. The ruling on the motion to suppress defendant’s confession is therefore vacated, and this case is remanded to the trial court for retrial of that issue alone. State v. Haynie, supra, State v. Franklin, supra. In all other respects, the writ is denied.